**WOOD OIL DISTRIBUTING, INC., Appellant,**

v.

**The STATE of Texas, et al., Appellees.**

No. 08–87–00050–CV.

Court of Appeals of Texas,
El Paso.

Sept. 30, 1987.

Publication Ordered Feb. 17, 1988.

Rehearing Denied Oct. 28, 1987.

Robert Scogin, Finley & Scogin, Kermit, for appellant.

Mark Dettman, Co. Atty., Mary Ann Oakley, Midland, for appellees.

Before OSBORN, C.J., and FULLER and WOODWARD, JJ.

## OPINION

FULLER, Justice.

The State of Texas condemned .164 acres out of a 9.4–acre tract. The landowner appeals from a jury verdict that awarded damages for only the amount of land taken. We reverse and remand for a new trial.

Points of Error Nos. One, Two, Three and Six assert that the trial court erred in refusing to grant Appellant's motion for continuance.

Appellant operated a truck stop (National Truck Stop) located north of I–20, west of Midland, Texas. Its very existence depended on truckers coming off of the Inter-

state. The State sought to condemn .164 acres out of the 9.4–acre tract for purposes of changing the entrance to Appellant's truck stop. Appellant's contention was that the proposed changes would result in a material and substantial impairment of access to the truck stop and would result in a diminished value to the remainder of the land. The State contended that the only matter that was changed was the circuity of travel, hence, no damages should be allowed for any diminished value of the remainder of the land. There was little contention that the value placed on the land taken was unreasonable, but Appellant's entire case was tried on an attempted showing that there was a material and substantial impairment of access as a result of the proposed changes. It was admitted at trial that there were no funds available for construction and there were no final construction plans in existence. The State contended that the schematic design plan was sufficient for purposes of trial. Appellant stoutly maintained that the plans available did not adequately set forth specifications of the proposed rerouting of the entrance to Appellant's truck stop and that, therefore, Appellant could not adequately present his case on impairment of access.

On November 26, 1986, the trial court had a pretrial conference in which the trial court ordered that depositions in the case would be taken December 3, 1986, with a trial commencing on the merits during the week of December 8, 1986. Appellant's attorney objected to the deposition date because he could not be present, due to a conflict, in that he was court-appointed to represent a defendant in a criminal trial. The court would not postpone the date for depositions. As a result, the Appellant's attorney did not have an opportunity to cross-examine the State's expert witness who had been presented for deposition on that date. This situation was further compounded by the fact that the depositions were not transcribed in time for commencement of trial. At the time of trial, Appellant filed his second motion for continuance, again urging that there were insufficient plans available to proceed to trial at this time, and also requested a continuance because of the failure of the court reporter to transcribe the depositions taken December 3, 1986, which were material since Appellant's attorney had been unable to be present.

By the time the trial date came, the relationship between the attorneys for the State and attorneys for the Appellant and the court had deteriorated and, at that time, the court had not decided on the motions for continuance.

█ The State had filed a motion in limine to restrict the Appellant from questioning witnesses in regard to travel diversion or circuity of travel. The trial court severely limited Appellant to examination of witnesses in regard to diminished value of the remainder. The net result was that, in effect, the trial court granted the State's motion in limine without allowing Appellant to fully develop by examination and cross-examination his allegation of material and substantial impairment of access. Appellant was required to develop his case by bill of exceptions, and we believe that this was in error. While circuity of travel is a matter of law, this does not mean that Appellant should be denied his day in court before the jury where witnesses are subject to the time-honored ordeal of examination and cross-examination. Appellant should have been allowed to present his case before the jury, and then if the court ruled as a matter of law that there was not a material and substantial impairment of access, the court could instruct the jury that this was not a matter that could be considered in arriving at any damages.

We are well aware of Rule 245, Tex.R. Civ.P., which allows the court to set a case for trial after ten days' notice to the parties; but in such a case as condemnation, we do find that the court abused its discretion in failing to have a full-blown hearing on whether or not the plans and specifications were of sufficient detail to provide a determination of whether or not the turnaround under the proposed change was sufficient to accommodate consistent truck travel. If the court determined at that point that the plans and specifications were

not sufficient, a motion to sever should have been granted as to the circuity of travel or impairment of access contentions.

The inability of counsel to be present during the taking of depositions was also a matter that severely deprived the Appellant of his day in court. We appreciate the problems of the trial court in disposing of cases, but also realize that criminal cases do take precedence over civil matters. We sustain Points of Error Nos. One, Two, Three and Six.

Point of Error No. Four contends that the trial court erred in granting Appellees' motion in limine preventing introduction of evidence as to material and substantial impairment of access to Appellant's property.

As we have already stated, Appellant should have been able to present his evidence before a jury in regard to material and substantial impairment of access. If the trial court then ruled as a matter of law that circuity of travel was the only issue involved, and not material and substantial impairment of access, the court could then have instructed the jury in regard to consideration of damages, if any. We sustain Point of Error No. Four.

Point of Error No. Five contends that the trial court erred in excluding the testimony of Appellant's expert.

Appellant was served with interrogatories and he failed to name his expert witness. Thereafter, the Appellant failed to properly submit his answer to include the expert or any other expert witness as required under the provisions of Rule 166b(5)(b), Tex.R.Civ.P. At trial, Appellant attempted to use his expert witness, and the Appellee properly objected. Under Rule 215(5), Tex.R.Civ.P., Appellant was not entitled to use such experts without a showing of good cause. We find that the trial court properly excluded the expert testimony pursuant to the provision of Rule 215(5), Tex.R.Civ.P. *Yeldell v. Holiday Hills Retirement And Nursing Center, Inc.,* 701 S.W.2d 243 (Tex.1985); *Gutierrez v. Dallas Independent School District,* 729 S.W.2d 691 (Tex.1987). The sanction against the use of the witness is automatic and the party desiring to produce the witness has a burden of proof insofar as showing good cause for not supplementing the interrogatories. Point of Error No. Five is overruled.

Point of Error No. Seven asserts that the cumulative effect of the errors of the trial court were such as to deprive Appellant of a fair trial and adequate preparation therefor.

In determining whether there has been reversible error, we may consider the cumulative effect of the various errors occurring in this case. Rule 81, Tex.R.App.P. *Scott v. Mclennan County,* 306 S.W.2d 943 (Tex.Civ.App.—Waco 1957, writ ref'd n.r. e.). While we have a great deal of sympathy for the trial court in situations such as this, where the attorneys are "fussing and fighting," we still, on examining the record as a whole, find that the case was simply not ready for trial on the date set by the court. Condemnation is a complex matter involving involuntary taking, and all parties certainly deserve their day in court. We believe the trial court should have had a full hearing on the motions for continuance, or at least had a full hearing in regard to such matters as Appellant's inability to appear at a crucial time of taking depositions, a hearing on whether or not the case was truly ready for trial and whether or not the State would be harmed by any postponement or severence. By this opinion, we are not condoning the actions of either side, and find the professional courtesy was certainly wanting. The cumulative effect of all the errors, under all the facts and surrounding circumstances, does constitute reversible error. Point of Error No. Seven is sustained.

Because of our views herein expressed, and further, the fact that the cause must be reversed and remanded, we are therefore not called upon to comment on Points of Error Nos. Eight, Nine and Ten.

The judgment is reversed and the cause remanded for new trial.