The STATE of Texas and the County of Midland, Texas, Petitioners,

v.

WOOD OIL DISTRIBUTING, INC., Respondent.

No. C–7066.

Supreme Court of Texas.

June 15, 1988.

Rehearing Denied July 13, 1988.

Mark H. Dettman, Midland Co. Atty., Midland, for petitioners.

Robert Scogin, Finley & Scogin, Kermit, for respondent.

## OPINION

GONZALEZ, Justice.

This is a condemnation case. Wood Oil Distributing, Inc. (Wood) operates a truck stop located near Midland. In connection with a highway construction project, the State condemned a small parcel of land from a larger tract upon which the truck stop is situated. Wood sought compensation not only for the value of the land taken, but also for the value of an alleged impairment of access. to the truck stop.

The case proceeded to trial before a jury where Wood was awarded damages for the value of the land condemned but received nothing for the impairment of access. On appeal by Wood, the court of appeals reversed the judgment of the trial court and remanded the cause for a new trial. That court held that the trial court abused its discretion by not granting Wood's motion for continuance and committed error in excluding Wood's evidence of the issue of Wood's damages. 746 S.W.2d 1 (Tex.App. 1987). We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

On May 1, 1983, the State filed a statement in condemnation seeking to condemn a .164 acre parcel of land from the 9.4 acre tract upon which the truck stop is located. After a hearing, the special commissioners awarded damages to Wood based only upon the value of the land that was taken. Wood failed to timely file objections to the award and it became "final." On February 15, 1985, Wood was granted a bill of review by the trial court.

On October 16, 1986, after the case had been pending on the court's docket for twenty-two months, the trial court notified the parties that the cause would be dismissed for want of prosecution if affirmative action was not taken within fifteen days. Tex.R.Civ.P. 165a. The action of the trial court was done in accordance with guidelines issued by this court which provide that civil non-jury cases should be disposed of within twelve months insofar as reasonably possible. Tex.R.Judicial Admin. 6(b)(2). The trial judge also informed the parties that "this case has been pending long enough that everyone should be ready. I will not grant a continuance except on extraordinary grounds."

On October 21, 1986 the case was set for a non-jury trial for the week of December 16, 1986. Wood then paid a jury fee. On October 31, 1986 the trial court notified the parties that the cause would be tried before a jury during the week of either December 1, 1986 or December 8, 1986. Wood was given the opportunity to choose between the two dates and elected the latter. Consequently, trial began on December 10, 1986.

During the nearly two years that this cause was pending before the trial court, the State engaged in various forms of discovery but Wood did not conduct any discovery. On November 7, 1986 the State notified Wood that it intended to depose two individuals who Wood had identified as expert witnesses. The depositions were scheduled for November 14, 1986, approximately one month prior to the date of trial. Neither counsel for Wood nor its two witnesses appeared for the scheduled deposition and the State procured certificates of non-attendance and filed a motion for sanctions.

On November 26, 1986, the trial court considered but did not rule on the State's motion for sanctions. Instead, the trial court ordered Wood to produce its two expert witnesses to be deposed no later than December 3, 1986. The State then notified Wood of its intent to take the

depositions on December 3, 1986. Wood's counsel later advised the trial court by written motion that he would be unable to attend the deposition because he had been appointed to represent a defendant in a criminal case. The deposition proceeded without him.

On the morning of the trial, Wood filed a motion for continuance to obtain additional time to take the deposition of the State's witness and to review the deposition transcripts of its own witnesses. Wood also sought the continuance in order to discover more detailed information from the State regarding the highway construction project. The trial court overruled Wood's motion.

At trial, the parties were in agreement regarding the value of the land taken by the State. However, they disagreed as to whether the highway construction project would materially and substantially impair access to the truck stop and whether Wood was entitled to any damages as a result of the impairment of access, if any. The State contended that it should only have to compensate Wood for the value of the land condemned and not for the circuity of travel to the truck stop which had been altered. Accordingly, the State filed a motion in limine requesting the trial court to limit the introduction of evidence pertaining to the non-compensable issue of circuity of travel. The trial court granted the motion in limine and excluded Wood's evidence on this issue.

### Motion for Continuance

It is well established that the granting or denial of a motion for continuance is within the trial court's sound discretion. The exercise of such discretion will not be disturbed on appeal unless the record discloses a clear abuse of discretion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex.1986); *State v. Crank*, 666 S.W.2d 91, 94 (Tex. 1984).

■ It is also well established that the failure of a litigant to diligently utilize the rules of civil procedure for discovery purposes will not authorize the granting of a continuance. *Fritsch v. J.M. English*

*Truck Line, Inc.*, 151 Tex. 168, 246 S.W.2d 856, 858–859 (1952).

[A] trial court will not be required to grant a motion for continuance, at the risk of committing error in overruling it, when the allegations in the motion examined in the light of the record show beyond cavil a complete lack of diligence. . . .

*Id.* at 858.

■ The fact that Wood did not have an opportunity to review the depositions of its own witnesses or depose the State's witness is a predicament of its own making. That is a risk Wood took by not diligently pursuing discovery. To reward such conduct with a new trial is manifestly improper. Since Wood did not show a clear abuse of discretion, it was error for the court of appeals to reverse the trial court.

### Exclusion of Evidence

■ It is well settled that damages to a condemnee's business which result merely from traffic being required to travel a more circuitous route to reach a condemnee's property are not compensable. *City of San Antonio v. Olivares*, 505 S.W. 2d 526, 529 (Tex.1974); *City of Houston v. Fox*, 444 S.W.2d 591, 593 (Tex.1969); *City of Waco v. Texland Corp.*, 446 S.W.2d 1, 2 (Tex.1969); *City of Beaumont v. Marks*, 443 S.W.2d 253, 257 (Tex.1969). The question of whether there has been a material and substantial impairment of access or whether there exists merely the issue of circuity of travel is a question of law, not of fact. It is incumbent upon the trial court to make this determination prior to trial and to control the admission of evidence accordingly. Thus, the introduction of evidence on damages due to inconvenience suffered by a property owner as a result of circuity of travel is improper as a matter of law since it is a non-compensable matter. *Olivares*, 505 S.W.2d at 530; *Texland Corp.*, 446 S.W.2d at 2; *Marks*, 443 S.W.2d at 260; *DuPuy v. City of Waco*, 396 S.W.2d 103, 109 (Tex.1965). Accordingly, the court of appeals erred in reversing the trial court on the basis of exclusion of evidence on this issue.

It should be further noted that the court of appeals erred in addressing this matter because a point of error complaining of a ruling on a motion in limine presents nothing for review. *Hartford Accident and Indemnity Co. v. McCardell,* 369 S.W.2d 331, 335 (Tex.1963).

The judgment of the court of appeals is reversed and the judgment of the trial court is affirmed.