TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00524-CV






Thomas Brent Casey, Appellant




v.




Interstate Building Maintenance, Inc., Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 97-04671-A, HONORABLE PAUL DAVIS, JUDGE PRESIDING







 Thomas Casey appeals from a no-evidence summary judgment rendered in favor
of Interstate Building Maintenance, Inc. ("Interstate"). After setting out various appellate issues,
Casey's contention in the argument section of his brief is that the trial court erred in not granting
his motion for continuance. We will affirm the judgment.


Background


 On April 17, 1997, Casey sued Interstate and two other defendants alleging that
on May 1, 1995, while working as a subcontractor in a clean room at Advanced Micro Devices,
Inc. ("AMD"), he sustained personal injuries when he stepped down from a ladder and slipped
on the floor. (1) At the time, the flooring was temporary and consisted of 4' x 8' plexiglass panels. 
Casey alleged that the panel beneath the ladder was not properly secured and when he stepped
down from the ladder the panel slipped, causing him to fall. Casey's premises liability cause of
action alleged that Interstate was negligent in maintaining the temporary flooring in the clean room
where he fell in the following respects: (1) it failed to post warning signs; (2) it failed to cover
the floor with another covering that would have secured the temporary plexiglass floor; (3) it
failed to cover the floor with a nonslip surface; and (4) it failed to remove or secure the plexiglass
to eliminate the risk of the panels slipping.

 On July 27, 1999, after the case had been on file for more than two years, Interstate
moved for summary judgment contending that it was entitled to judgment as a matter of law
because it was not the owner of the premises, not responsible for the safety of the premises, and
was not a subcontractor responsible for installing, securing, modifying, or maintaining the
temporary flooring in the room where Casey allegedly sustained injuries. Interstate asserted that
it was a subcontractor hired to provide microcontamination control in the room which involved
only cleaning surfaces with special decontamination equipment such as special dry and damp mops
and ultrafiltered vacuuming equipment. Interstate supported the motion with sworn affidavits
from various people associated with the project at AMD at the time Casey claimed he was injured. 
In addition, Interstate requested relief under Texas Rule of Civil Procedure 166a(i), the no-evidence summary-judgment rule.

 On August 5, Casey filed a verified motion for continuance asking the trial court
to delay ruling on the summary-judgment motion because Interstate had failed and refused to
provide him with a copy of the written contract defining its activities at AMD. Casey asserted
in the motion that although he made the appropriate requests, Interstate had not provided him with
a copy of the contract. Finally, Casey asserted that the contract would be the "best evidence" of
Interstate's duties at AMD. Casey also filed a document titled "notice of intent to use the
following discovery documents and reports as summary-judgment proof and evidence in
opposition to defendants' motion for summary judgment." Attached to the cover sheet was a
complete copy of Casey's 374-page deposition.

 On August 18, the trial court heard the summary-judgment motion and granted
judgment in all respects in favor of Interstate. The trial court then severed the order, thereby
making it an appealable judgment.


Discussion


Motion for Continuance

 Casey argues on appeal that he was entitled to a continuance because Interstate did
not comply with his discovery requests and had not produced a copy of the relevant contract,
which would be the best evidence of Interstate's duties and responsibilities at the AMD site at the
time Casey was injured. Casey did not obtain a ruling on his motion for continuance.

 To preserve error in the absence of a ruling, a party must object to the court's
refusal to rule. See Southwest Country Enters., Inc. v. Lucky Lady Oil Co., 991 S.W.2d 490, 493
(Tex. App.--Fort Worth 1999, pet. denied); Tex. R. App. P. 33.1(a)(2)(B). Here, Casey did not
object to the court's failure to rule on his motion for continuance and consequently has not
preserved this complaint for appellate review.

 Even if error were properly preserved and the trial court impliedly overruled
Casey's motion for continuance, we hold that the trial court did not abuse its discretion. See State
v. Wood Oil Distrib. Inc., 751 S.W.2d 863, 865 (Tex. 1988) (citing Villegas v. Carter, 711
S.W.2d 624, 626 (Tex. 1986) (grant or denial of continuance is within trial court's discretion and
on appeal will not be disturbed except for clear abuse)).

 When a party contends that it has not had an adequate opportunity for discovery
before a summary-judgment hearing, it must file either an affidavit explaining the need for further
discovery or a verified motion for continuance. See Tenneco, Inc. v. Enterprise Prods. Co., 925
S.W.2d 640, 647 (Tex. 1996); see also Kahanek v. Rogers, 900 S.W.2d 131, 134 (Tex. App.--San
Antonio 1995, no writ); Tex. R. Civ. P. 166a(g), 252. In the verified motion or affidavit the
plaintiff must allege that he cannot present facts essential to justify his opposition to the summary-judgment motion and that he needs additional time to conduct discovery. See Tenneco, 925
S.W.2d at 647; see also Kahanek, 900 S.W.2d at 134; Tex. R. Civ. P. 166a(g), 252. It is well
established that to be entitled to a continuance a litigant must diligently utilize the rules of civil
procedure for discovery purposes. Wood Oil, 751 S.W.2d at 865. When comparing the
allegations in the motion with the record reveals a complete lack of diligence, a trial court will
not be required to grant a continuance. Id.

 Casey's verified motion for continuance requested that the trial court postpone
ruling on Interstate's summary-judgment motion until Interstate provided a copy of the relevant
contract to him. Casey contended that he was entitled to a continuance because Interstate, after
several requests, had failed and refused to provide a copy of the contract to him. The implication
of his argument was that he could not properly respond to Interstate's summary-judgment motion
without a copy of the contract showing Interstate's duties at AMD.

 Reviewing the record and docket sheet, there is no indication that Casey filed a
request for production or a motion to compel production of any contract involving Interstate
during the twenty-eight months the suit was on file before Interstate moved for summary
judgment. While we do not doubt that Casey informally asked Interstate to produce a copy of the
contract, there is nothing in the record reflecting that he sought production of the contract by
diligently utilizing the rules of civil procedure. Additionally, there is nothing in the record
indicating that he asked the trial court for assistance by filing a motion to compel production of
the contract.

 Considering Casey's motion in light of the entire record, we conclude that he has
not shown that he diligently utilized the rules of civil procedure for discovery purposes. Casey
has not shown that the trial court abused its discretion in impliedly denying his motion for
continuance.


No-Evidence Summary Judgment

 The granting of a no-evidence summary judgment is proper when the non-movant
fails to present more than a scintilla of proof raising a genuine issue of material fact as to one or
more essential elements of his claim on which he would have the burden of proof at trial. See
Jackson v. Fiesta-Mart, Inc., 979 S.W.2d 68, 70-71 (Tex. App.--Austin 1998, no pet.). Rule
166a(i) provides that the non-movant must present summary-judgment proof sufficient to raise a
material fact on the element attacked by the movant or the no-evidence motion must be granted. 
See In re Mission Consolidated Indep. Sch. Dist., 990 S.W.2d 459, 460 (Tex. App.--Corpus
Christi 1999, orig. proceeding); Tex. R. Civ. P. 166a(i).

 A person who does not own or possess the premises in question does not assume
liability under a premises liability theory unless he assumes control over and responsibility for the
premises. City of Denton v. Van Page, 701 S.W.2d 831, 835 (Tex. 1986). In this case, it is
undisputed that Interstate was a subcontractor working at the AMD site where Casey was injured.
Ultimately, in order to prevail on his claim, Casey must establish that Interstate had a duty with
respect to the floor where Casey was allegedly injured--Casey would be required to prove that
Interstate had assumed control over and responsibility for the condition of the floor.

 Interstate, by filing a no-evidence summary-judgment motion, shifted to Casey the
burden to produce more than a scintilla of competent proof of duty in order to defeat Interstate's
motion. See Jackson, 979 S.W.2d at 68; Tex. R. Civ. P. 166a(i). Casey filed two documents
in response to Interstate's motion for summary judgment: (1) the notice of intent to use a
deposition as summary-judgment proof and (2) a motion for continuance. Casey did not attach
any evidence to his motion for continuance. His notice of intent to use a deposition as summary-judgment proof stated in a few lines that he intended to use the deposition in its entirety as a
response to Interstate's motion for summary judgment.

 When presenting summary-judgment proof a party must expressly and specifically
identify the supporting proof on file which it seeks to have considered by the trial court. See
Boeker v. Syptak, 916 S.W.2d 59, 61 (Tex. App.--Houston [1st Dist.] 1996, no writ). Attaching
entire depositions to a motion for summary judgment or to a response and referencing them only
generally does not relieve the party's burden of pointing out to the trial court where in the
deposition the issues set forth in the motion or response are raised. See Guthrie v. Suiter, 934
S.W.2d 820, 826 (Tex. App.--Houston [1st Dist.] 1996, no writ). It is not the court's
responsibility to sift through voluminous attachments or records to discover potential fact issues.
See id.; see also Paull v. Capital Resource Management, Inc., 987 S.W.2d 214, 220-21 (Tex.
App.--Austin 1999, pet. denied).

 Casey's response to the summary-judgment motion directed the trial court to a
lengthy deposition. Casey's broad reference to the deposition, without any specificity whatever
in argument or reference, is insufficient as summary-judgment proof. See Rogers v. Ricane
Enters., Inc., 772 S.W.2d 76, 81 (Tex. 1989); Guthrie, 934 S.W.2d at 826. We hold that Casey
failed to respond to Interstate's summary-judgment motion with competent summary-judgment
proof of a duty owed by Interstate to Casey. Because Casey failed to produce competent proof
in response to Interstate's no-evidence summary-judgment motion, the trial court did not err in
granting judgment in favor of Interstate.

Conclusion


 Casey's issues are overruled and the trial court's judgment is affirmed.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: April 20, 2000

Do Not Publish

1.   Casey also sued AMD and Meissner & Werst GMBH & Co. U.S. Operations, Inc.


nothing in the record
indicating that he asked the trial court for assistance by filing a motion to compel production of
the contract.

 Considering Casey's motion in light of the entire record, we conclude that he has
not shown that he diligently utilized the rules of civil procedure for discovery purposes. Casey
has not shown that the trial court abused its discretion in impliedly denying his motion for
continuance.


No-Evidence Summary Judgment

 The granting of a no-evidence summary judgment is proper when the non-movant
fails to present more than a scintilla of proof raising a genuine issue of material fact as to one or
more essential elements of his claim on which he would have the burden of proof at trial. See
Jackson v. Fiesta-Mart, Inc., 979 S.W.2d 68, 70-71 (Tex. App.--Austin 1998, no pet.). Rule
166a(i) provides that the non-movant must present summary-judgment proof sufficient to raise a
material fact on the element attacked by the movant or the no-evidence motion must be granted. 
See In re Mission Consolidated Indep. Sch. Dist., 990 S.W.2d 459, 460 (Tex. App.--Corpus
Christi 1999, orig. proceeding); Tex. R. Civ. P. 166a(i).

 A person who does not own or posses