Affirmed and Memorandum Opinion filed February 13, 2003














Affirmed and
Memorandum Opinion filed February 13, 2003.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-00133-CV

_______________

 

CHIJIOKE
NNUNUKWE, Appellant

 

V.

 

STATE FARM AUTOMOBILE INSURANCE COMPANY, Appellee

___________________________________________

 

On Appeal from
the 189th District Court

Harris County, Texas

Trial Court
Cause No. 99-56361

___________________________________________

 

M E M O R A N
D U M   O P I N I O N

 

            In this insurance case, Chijioke Nnunukwe appeals a
take-nothing judgment in favor of State Farm Automobile Insurance Company
(“State Farm”) on the grounds that the trial court erred by: (1) excluding
cross-examination evidence of a witness’s alleged prior criminal conviction;
and (2) granting State Farm a partial summary judgment in that the summary
judgment evidence raised material fact issues. 
We affirm.

            After State Farm denied his
insurance claim for an alleged automobile theft, Nnunukwe
brought suit against State Farm for breach of contract, breach of the duty of
good faith and fair dealing, and Deceptive Trade Practices Act / Insurance Code
violations.  The trial court granted a
partial summary judgment against the latter two claims, and a jury determined
that State Farm did not breach its insurance contract with Nnunukwe.

            Nnunukwe’s
first issue contends that the trial court erred in granting State Farm’s
“objection” to cross-examination evidence of a witness’s alleged prior
conviction of a crime of moral turpitude. 
However, Nnunukwe has not cited, and we have
not found, a portion of the record at which he introduced any such evidence
during the cross-examination of the witness and received an adverse ruling from
the trial court.[1]

            To the extent Nnunukwe
relies on the trial court’s ruling granting State Farm’s motion in limine to preserve this complaint, it did not do so.[2]  Similarly, although the record reflects that Nnunukwe made an offer of proof before the court read the
charge to the jury, he also failed to request or obtain any ruling at that time
regarding the proffered evidence or object to any refusal to rule.  In addition, in the offer of proof, when the
witness was asked whether he ever had criminal charges brought against him, he
answered, “Never,” and Nnunukwe did not offer any
other evidence of the alleged prior conviction. 
Therefore, we have no evidence that any such conviction even exists with
which the witness’s credibility might have been impeached.  Because Nnunukwe
has thus failed to preserve this complaint, his first issue presents nothing
for our review and is overruled.

            Nnunukwe’s
second issue argues that the trial court erred in granting State Farm’s partial
summary judgment because the summary judgment evidence showed that there were
material fact issues.  However, Nnunukwe’s brief contains no citations to any portion of
the record containing the summary judgment motion, response, or order, and we
have found none of these items in our record. 
Even after State Farm raised this deficiency in its brief, Nnunukwe failed to supplement the record or seek to
establish that these materials should have been included in the record without
a request for an additional or supplemental record.  See
Tex. R. App. P. 34.5.  Therefore, Nnunukwe’s
second issue presents nothing for our review and is overruled; and the judgment
of the trial court is affirmed.

                                                                                    

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed February 13, 2003.

Panel
consists of Chief Justice Brister and Justices Fowler and Edelman.

 











[1]           See Wyler Indus. Works, Inc. v. Garcia, 999
S.W.2d 494, 511 (Tex. App.—El Paso 1999, no pet.).





[2]           See State
v. Wood Oil Distrib., Inc., 751
S.W.2d 863, 866 (Tex. 1988)
(noting that complaint of a ruling granting a motion in limine
presents nothing for review).