NO. 07-04-0098-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 24, 2005
_____

THE ULLOM FAMILY PARTNERSHIP, LTD.,

Appellant

v.

CITY OF LUBBOCK, TEXAS,

Appellee
_____

FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;

NO. 2002-593,630; HON. PAULA LANEHART, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

This is an impairment of access case brought by the Ullom Family Partnership, Ltd. (the Partnership) against the City of Lubbock. The former contended that it was entitled to compensation when the latter caused the relocation of a local railroad track. Before the relocation of the track, the Partnership allegedly enjoyed access to the east side of a 204-acre parcel of realty that it sought to eventually develop as a residential area. At the time

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004-05).

of the supposed taking, however, the acreage was undeveloped. The trial court concluded that the Partnership was not entitled to compensation because the "relocation of the railroad . . . did not materially or substantially impair [its] access to [its] property . . . ." Now pending before us are nine points of error attacking that determination. Each involves the legal and factual sufficiency of the evidence supporting it. We overrule them and affirm the judgment.

As held by our Supreme Court, whether a property owner is entitled to compensation due to damage caused by the exercise of a government's power of eminent domain is a question of law. *County of Bexar v. Santikos*, 144 S.W.3d 455, 459 (Tex. 2004); *State v. Heal*, 917 S.W.2d 6, 9 (Tex. 1996). Furthermore, impairing access to one's property is compensable but only if the impairment is material and substantial, *County of Bexar v. Santikos*, 144 S.W.3d at 459, and that too is a question of law. *State v. Heal*, 917 S.W.2d at 9. Next, that a public project simply requires increased circuity of travel to one's property does not alone rise to the level of a compensable injury. *County of Bexar v. Santikos*, 144 S.W.3d at 459; *State v. Wood Oil Distr., Inc.*, 751 S.W.2d 863, 865 (Tex. 1988). Simply put, a governmental body need not compensate a land owner for diminishing access to his land "provided suitable access remains." *State v. Heal*, 917 S.W.2d at 11.

Among the various attacks levied upon the trial court's fact findings none were made against that stating: "[b]efore and after the taking, the 204.14 acre tract has access to a public road from the West via Upland Avenue which abuts the 204.14 acre tract to the West." In other words, the Partnership does not dispute that it has complete access to its undeveloped property via an open, paved public road abutting the west side of the land. Instead, it decries the loss of access from the east. Yet, having complete access from the

2

west likens the situation before us to those involving inconvenience arising from increased circuity of travel. Nothing but increased time and short distance physically impedes the Partnership from utilizing the property as a locale for homes in the future. Consequently, its circumstance is quite distinguishable from those wherein the trial court found access to be substantially and materially impaired. *See e.g. City of Waco v. Texland Corp.*, 446 S.W.2d 1, 4 (Tex. 1969) (wherein the location of piers supporting a viaduct rendered it "'most difficult'" for trucks to maneuver to the loading docks of warehouses and manufacturing businesses); *City of Beaumont v. Marks*, 443 S.W.2d 253, 256 (Tex. 1969) (wherein the narrowing of the street and its turning radius impeded and prevented large trucks from approaching the warehouses in the area).

In sum, we hold, as a matter of law, that while the relocation of the railroad may inconvenience or interfere with those traveling to the 204-acre tract in question, it did not substantially or materially impair access to the land. Accordingly, the final order of the trial court denying the Partnership recovery against the City is affirmed.

<br>

Brian Quinn
Justice

<br>

3