

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00046-CV

**IN THE ESTATE OF MARIA F. HERNANDEZ**, Deceased

From the Probate Court No. 2, Bexar County, Texas
Trial Court No. 2013-PC-1030
Honorable Tom Rickhoff, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  December 31, 2014

AFFIRMED

Abel Hernandez and Josefa Zatarain Flournoy, proceeding *pro se*, appeal the trial court's judgment admitting into probate the will executed by their mother, Maria F. Hernandez, on February 21, 2013.  We affirm the trial court's judgment.

### BACKGROUND

Maria F. Hernandez was the mother of ten children.  Maria executed a new will on February 21, 2013 (the "Will") which makes specific bequests to each of her children.  The Will provides that all prior wills and codicils are revoked.  The Will is self-proving, containing a notarized affidavit signed by Maria and two witnesses.  *See* TEX. EST. & G'SHIP CODE ANN. §§ 251.101, 251.104 (West 2014) (formerly section 59(a) and (b) of the Texas Probate Code).  The Will appoints two of Maria's children, Adolfo Hernandez and Mary Frances Flores, to serve as

Independent Co-Executors of her estate. On March 1, 2013, Maria passed away at 88 years of age. In their capacity as co-executors, Adolfo and Mary Frances filed an application to probate the Will and for issuance of letters testamentary on March 21, 2013. Two of Maria's children, Josefa and Abel, opposed the Will. The other children have not contested the Will. Josefa and Abel alleged the Will should not be admitted to probate because (i) the formal requirements necessary to make the Will self-proving were not met, (ii) Maria lacked testamentary capacity due to her deteriorating physical and mental health, (iii) Maria was subjected to undue influence by other heirs, and (iv) the Will was executed as the result of fraud perpetrated by other heirs. The main asset in Maria's estate is her house, which is valued at approximately $60,000. Josefa contends that Maria's prior will granted her the first option to purchase Maria's house at a discounted price. Paragraph 18 of the Will provides, however, that, "Upon sale of my home, property located at 326 Lone Star Blvd, San Antonio, TX 78204, the option to purchase said property shall be offered first to my children who do not already own a home or have not previously own[ed] a home. The purchase price shall be a fair market value."

Josefa filed her will contest on April 12, 2013, three weeks after the application to admit the Will to probate was filed. On June 11, 2013, the trial court signed an order setting a hearing for July 9, 2013 on the application to probate the Will and Josefa's opposition. One day before the hearing, on July 8, 2013, Abel filed his will contest which raises the same arguments as Josefa's contest. At the July 9, 2013 hearing, the court recognized that Abel had just filed his contest the day before and therefore the other parties did not have sufficient notice to move forward on his allegations that day. The court proceeded to question the parties in an effort to understand the disputed issues in the case, and specifically questioned Mary Frances who gave sworn testimony about the circumstances surrounding the making of the new Will and the existence of a prior will. Mary Frances acknowledged that the prior will gave Josefa the first option to purchase the house

because Josefa was a single parent without employment or a home at the time. In February 2013, Maria looked for the will but could not find it among her important papers which she kept in a safety deposit box. Maria became upset, and stated that in the absence of the will, she wanted to make a new will and asked Mary Frances to call the notary and ask him to come to the house. Mary Frances testified that, "She [Maria] told me what to write in the will. We wrote what she wanted. She had a magnifying glass that would read everything." Mary Frances testified that the prior will and the new Will are exactly the same, with the only difference being that Josefa no longer has the first option to purchase the house. The new Will contains detailed specific bequests to each of Maria's ten children, along with the provision concerning her house, quoted above. Mary Frances brought an unexecuted copy of Maria's prior will to court with her; she stated the copy of the executed will was still missing. Mary Frances read the prior will's provision concerning the house into the record.[1]

On July 19, 2013, the trial court signed an order setting the matter for trial on September 12, 2013. One week before trial, Abel filed a motion for continuance asserting that the July 19 order setting the trial for less than 60 days later effectively deprived him of his right to full and fair discovery under the discovery timelines set forth in the Rules of Civil Procedure. *See* TEX. R. CIV. P. 190.3(b)(1), 194.3. Abel's motion for continuance was set for a hearing on September 11, 2013, the day before the scheduled trial date. The day before that hearing, Adolfo and Mary Frances filed a motion to reset the September 12, 2013 trial date because the two witnesses to the Will had a family emergency and could not be present. On September 10, 2013, the trial court issued an order resetting the trial to October 9, 2013. The hearing on Abel's motion for

---

[1] According to the unexecuted copy, Maria's prior will provided, "Upon sale of my home property located at 326 Lone Star Boulevard, San Antonio, Texas, the option to purchase shall be offered to my children who do not already own a home, first to my daughter Josefa Hernandez Zatarain. The purchase price shall be within fair market value."

continuance based on deprivation of discovery rights was held as scheduled on September 11, 2013. At the conclusion of the hearing, the court denied the motion in a written order.

A bench trial on the will application and contests commenced on October 9, 2013. The court heard the testimony of the two witnesses to the Will, the co-executors Mary Frances and Adolfo, and the two contestants Josefa and Abel concerning the circumstances surrounding the execution, witnessing, and notarization of the Will, Maria's capacity to make the Will, and the contestants' allegations of undue influence and fraud leading up to the making of the Will. At the conclusion of the trial, the court stated it would take the matter under advisement and issue a ruling the next day. On October 11, 2013, the court signed an order finding the Will complied with the necessary legal formalities and is a valid and self-proving Will under the law; the court admitted the Will to probate and granted the issuance of letters testamentary to the co-executors. Abel filed a motion for new trial based on the court's deprivation of his discovery rights due to the trial date. The trial court denied the motion for new trial. Abel and Josefa now appeal.

## ANALYSIS

As at trial, Abel and Josefa proceed *pro se* on appeal. A *pro se* litigant is held to the same standards as a licensed attorney. *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (per curiam). In their joint brief, Abel and Josefa raise two main complaints on appeal: (1) the trial court abused its discretion when it denied Abel's motion for continuance, and later his motion for new trial, based on violation of his right to full and fair discovery; and (2) the trial court's failure to file written findings of fact and conclusions of law, as timely requested, was harmful error. However, Josefa did not file her own motion for continuance or motion for new trial and never objected in the trial court, as Abel did, to any denial of her discovery rights. Similarly, Josefa did not file a request for findings of fact and conclusions of law. Further, Josefa did not sign Abel's pleadings and there is nothing in the record to show that Josefa ever joined or adopted Abel's pleadings.

Therefore, Josefa has failed to preserve either of the issues raised in the appellants' brief. TEX. R. APP. P. 33.1(a). Our analysis of the two issues is therefore limited to Abel.

### *Denial of Motion for Continuance and Motion for New Trial — Deprivation of Right to Discovery*

Abel correctly asserts that, as a will contestant, he was entitled to conduct discovery on matters relevant to the Will and his opposition. *See* TEX. EST. & G'SHIP CODE ANN. § 55.001, 55.101-.102 (will contestant is entitled to "process for witnesses and evidence," and may subpoena "production of all communications or records relevant to the decedent's condition" before death) (West 2014) (formerly TEXAS PROBATE CODE §§ 10, 10B). The gist of Abel's argument in the trial court and on appeal is that by signing the July 19, 2013 order setting the matter for trial on September 12, 2013, less than 60 days later, the trial court effectively cut off Abel's ability to conduct any discovery. Abel asserts that the 30-day timelines contained in the applicable Rules of Civil Procedure governing discovery in this case operated to foreclose his ability to seek any discovery during such a short period. *See* TEX. R. CIV. P. 190.3, 194.3. Rule 190.3 provides the standard discovery control plan, stating that, generally, all discovery must be conducted during the period between the date suit is filed and thirty days' before the trial date. TEX. R. CIV. P. 190.3(b)(1)(B). Rule 194.3 requires the party responding to any discovery request to serve his or her written response within thirty days after service of the request, with certain exceptions. TEX. R. CIV. P. 194.3. Therefore, Abel argues the trial court's trial setting for September 12, 2013 wholly deprived him of his right to conduct discovery.[2] Abel raised this issue in his verified motion for continuance and as the sole issue in his motion for new trial, both of which were denied

---

[2] Abel also characterizes the court's order setting the September 12, 2013 trial date as a "sanction" because it denied him the right to conduct merit-based discovery. The order setting a trial date did not constitute a sanctions order. *See* TEX. R. CIV. P. 215 (addressing sanctions for abuse of discovery).

by the trial court. On appeal, Abel asserts the trial court abused its discretion in denying both motions based on deprivation of his right to discovery.

We review a trial court's ruling denying a motion for continuance for an abuse of discretion. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002) (applying abuse of discretion standard to denial of motion for continuance requesting extension to complete discovery). Similarly, we review denial of a motion for new trial for an abuse of discretion. *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006). A trial court abuses its discretion "when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *BMC Software*, 83 S.W.3d at 800.

In deciding whether a trial court abused its discretion in denying additional time to conduct discovery, we consider the following nonexclusive factors: (1) the length of time the case has been on file; (2) the materiality and purpose of the discovery sought; and (3) whether the party seeking the continuance has exercised due diligence to obtain the discovery sought. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). Josefa's will contest had been on file for 98 days when the trial court signed the July 19 order setting the September 12, 2013 trial date; the trial setting was 154 days after the filing of Josefa's contest. Abel's will contest had been on file for 11 days before the July 19 order was signed, and the September 12, 2013 trial date was 67 days after Abel filed his contest. Thus, Abel actually had a 67-day period in which he could have served discovery requests to the opposing parties and obtained their responses within the standard deadlines set forth in Rules 190.3(b)(1)(B) and 194.3.

The record shows, however, that Abel did not make any discovery request, give notice of intent to take any deposition, or attempt to conduct any other type of discovery at any time during the pendency of the case. Further, Abel never requested an extension of time to conduct discovery during the period between the filing of his contest and the September trial date, or during the one-

month delay when the trial was reset to October. Rule 190.5 specifically provides a mechanism for a litigant to request that the trial court modify a discovery control plan "at any time" and requires the court to do so "when the interest of justice requires." TEX. R. CIV. P. 190.5. Moreover, the rule provides that when new pleadings are filed after the deadline for completion of discovery, or so close to the deadline that there is an inadequate opportunity to conduct discovery on the new matters, then the trial court must allow additional discovery. TEX. R. CIV. P. 190.5(a). The record does not show that Abel used due diligence in pursuing his right to conduct discovery. *See Joe*, 145 S.W.3d at 161; *see also State v. Wood Oil Distributing, Inc.*, 751 S.W.2d 863, 865 (Tex. 1988) (failure of litigant to diligently utilize the rules of civil procedure for discovery purposes will not authorize granting of continuance). Finally, while asserting that the purported denial of his right to discovery "went to the heart of the contestants' case," Abel does not specify the nature, materiality, or purpose of the evidence he claims he was prevented from discovering; he also failed to do so in the trial court. *See Wal-Mart Stores Texas, LP v. Crosby*, 295 S.W.3d 346, 356 (Tex. App.—Dallas 2009, pet. denied) (no abuse of discretion to deny motion for continuance that did not state the specific discovery that remained to be done or its materiality). We conclude that the trial court did not abuse its discretion in denying either the motion for continuance or the motion for new trial.

### *Failure to File Findings of Fact and Conclusions of Law*

In the second issue, Abel argues the trial court's failure to file written findings of fact and conclusions of law, as timely requested, was harmful error because it forces him to guess at the court's reasons for denying his will contest and prevents the proper presentation of his appeal. Abel asks us to abate the appeal and order the trial court to enter the requested written findings of fact and conclusions of law and certify the findings to us for appellate review. *See* TEX. R. APP. P. 44.4 (addressing remedial error by the trial court).

Abel filed a timely request for findings of fact and conclusions of law and a timely notice of past due findings of fact and conclusions of law. *See* TEX. R. CIV. P. 296, 297. The trial court failed to file any written findings of fact and conclusions of law. Abel argues he has suffered harm because the absence of written findings forces him to guess at the trial court's reasons for denying his will contest and prevents him from properly presenting the case on appeal. When a party makes a proper and timely request for findings of fact and conclusions of law under Rule 296 and the trial court fails to comply, harm is presumed unless the record affirmatively shows that the requesting party was not harmed by their absence. *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996) (per curiam); *Haut v. Green Café Management, Inc.*, 376 S.W.3d 171, 182 (Tex. App.—Houston [14th Dist.] 2012, no pet.). The error is harmful if it prevents an appellant from properly presenting a case to the appellate court. *Tenery*, 932 S.W.2d at 30 (court's failure to comply with Family Code provision requiring specific findings if the court deviates from the child support guidelines was harmful because it prevented appellant from effectively contesting the child support order). However, the court's failure to make findings is not harmful error if the record before the appellate court affirmatively shows that the complaining party suffered no injury. *Id.* (where there was ample evidence in the record to support the judgment's division of marital estate, appellant was not harmed by trial court's failure to make requested findings and conclusions).

Here, Abel's will contest stated four grounds for denying probate of the Will: failure to comply with the required formalities; lack of testamentary capacity; undue influence; and fraud. The trial court's order signed on October 11, 2013 explicitly finds in relevant part that, based on the evidence presented by the applicants and contestants, the "Will was executed on February 21, 2013 with the formalities and solemnities and under the circumstances required by law to make it a valid Will, was self-proved according to law during the lifetime of the Decedent" and "has not been revoked by Decedent." Therefore, the trial court specifically found that the Will met the legal

requirements to be a valid, self-proving will. *See* TEX. EST. & G'SHIP CODE ANN. §§ 251.051, 251.101, 251.104 (West 2014) (requirements for valid, self-proving will) (formerly section 59(a) of the Texas Probate Code). By also finding that the Will was made "under the circumstances required by law to make it a valid Will," the trial court necessarily found that Maria had sufficient testamentary capacity to make the Will and was not subjected to undue influence or fraud in the making of the Will, thereby overruling the challenges to the Will's validity raised by the contestants. This is not a situation where the appellant must speculate or guess at the trial court's reasons for its ruling. The record of the trial shows the evidence was fully developed concerning the circumstances surrounding Maria's execution of the new Will and the four grounds alleged by the contestants. Abel has not been prevented from presenting his case on appeal by the absence of written findings of fact and conclusions of law.[3] We conclude the record affirmatively shows that Abel was not harmed by the trial court's failure to make the requested written findings of fact and conclusions of law. *Tenery*, 932 S.W.2d at 30.

Based on the foregoing reasons, we overrule the issues raised in this appeal and affirm the trial court's judgment.

Rebeca C. Martinez, Justice

---

[3] Abel does not raise a challenge to the sufficiency of the evidence to support the trial court's order admitting the Will to probate; he only complains about the court's failure to make the requested findings of fact and conclusions of law.