Opinion issued July 28, 2015



In The

# Court of Appeals

For The

## First District of Texas

————————————

### NO. 01-14-00521-CV

————————————

**DAVID LUCYK, Appellant**

**V.**

**KINDRON HOLDINGS, LLC, Appellee**

On Appeal from the 11th District Court
Harris County, Texas
Trial Court Case No. 2013-26399

## MEMORANDUM OPINION

In this contract dispute, appellant David Lucyk appeals a summary judgment granted in favor of Appellee Kindron Holdings, LLC. Lucyk's issues on appeal are substantially predicated on the outcome of the separate but related appeal in *Marhaba Partners Ltd. P'ship v. Kindron Holdings, LLC*, 457 S.W.3d 208 (Tex.

App.—Houston [14th Dist.] 2015, pet. filed). The Fourteenth Court of Appeals decided that appeal in a manner adverse to Lucyk's interests, affirming a judgment favorable to Kindron. Likewise, we affirm the judgment for Kindron in this case.

## Background

This dispute arises out of a loan obtained by Marhaba Partners Limited Partnership from City Bank in 2007.[1] As part of an agreement with Harris County Municipal Utility District No. 402, Marhaba planned to use the loaned funds to develop a large tract of land. In return, Marhaba would receive the proceeds (the "Receivables") from a bond sale. The Bank secured its loan with multiple sources of collateral, including the MUD 402 Receivables and a lien on the real property.

In 2009, Marhaba refinanced the loan with the Bank and executed three promissory notes. To induce the Bank to enter into the agreements, Lucyk, a partial owner of Marhaba, executed personal guaranty agreements (the "Guaranties"), under which he would be personally liable for payment of Marhaba's debt on two of the three notes. Together, the two notes evidenced a principal debt of $9,353,111.

---

[1] The background regarding the loan between Marhaba and the Bank is given in *Marhaba Partners Ltd. P'ship v. Kindron Holdings, LLC*, 457 S.W.3d 208 (Tex. App.—Houston [14th Dist.] 2015, pet. filed). To maintain uniformity, we use the same terminology as the Fourteenth Court to refer to the parties and the loan collateral.

After Marhaba defaulted on the loan, the Bank foreclosed on the real property. At a non-judicial foreclosure sale in 2011 the Bank purchased one tract of the land with a high bid of $7,140,000. An unrelated third party purchased another tract for $995,000. The bid amounts from the foreclosure sales were credited against Marhaba's indebtedness under the note. According to the Bank, the proceeds from the foreclosure sales did not extinguish Marhaba's debt.

The Bank sold its interests in the notes to Kindron. Along with the promissory notes, the Bank assigned its rights under the Guaranties to Kindron.

Kindron conducted a foreclosure sale of the remaining collateral, including the MUD 402 Receivables, and purchased the collateral with a bid of $300,000. After crediting the $300,000 against Marhaba's indebtedness, Kindron asserted that $1,235,905.38 remained unpaid.

To recover the remaining sum, Kindron sought first to collect the proceeds of the Receivables from Harris County MUD 402. The MUD refused to recognize Kindron's purchase of the Receivables, so Kindron sued Marhaba, requesting a declaration that it was entitled to foreclose on the Receivables and that it was the current owner of the Receivables. The trial court granted Kindron's request and signed a final judgment in which it declared that Kindron (1) obtained a valid and enforceable security interest in the MUD 402 Receivables; (2) was entitled to foreclose on the Receivables; and (3) was the current owner and holder of the

Receivables. Marhaba appealed the trial court's judgment, and the case became the subject of a related appeal in the Fourteenth Court of Appeals. *See Marhaba*, 457 S.W.3d at 210–12. In that appeal, Marhaba argued that Kindron's declaratory judgment claim was an action brought to recover a deficiency and, therefore, a fact question regarding the fair market value of the collateral precluded the trial court awarding Kindron summary judgment on its claim. *See id.* at 213.

Meanwhile, Kindron sued Lucyk for breach of the Guaranties. Kindron's petition alleged that Lucyk personally guaranteed the indebtedness of Marhaba, that Kindron had demanded payment from Lucyk for the remaining indebtedness, and that Lucyk failed to perform his obligation under the Guaranties. Kindron further alleged that Lucyk had waived his rights and defenses under Chapter 51 of the Texas Property Code.

Kindron filed a traditional motion for summary judgment on its breach-of-contract claim. Lucyk responded that Marhaba's indebtedness already had been extinguished by the Bank's sale of the real property. Because the question of Marhaba's right to offer evidence of the fair market value of the collateral to reduce the amount of the remaining indebtedness was then pending in the Fourteenth Court of Appeals, Lucyk also filed a motion for continuance or abatement of the contract claim while the *Marhaba* appeal was pending.

Instead of abating the case, the trial court granted Kindron's motion for summary judgment against Lucyk. The court's order authorized Kindron to recover from Lucyk the remaining principal sum of $1,235,905.38, attorney's fees, court costs, and post-judgment interest. Lucyk appealed from the final judgment entered in the trial court.

**Analysis**

Lucyk's appeal is expressly predicated on the premise that there was no remaining deficiency owed by Marhaba after the sale of its real property collateral, and therefore Kindron had no interest in the Receivables. On this theory, Lucyk would not be liable to Kindron in his individual capacity.

In his first issue, Lucyk appeals from the trial court's grant of summary judgment against him. In his second issue, Lucyk asserts that the trial court abused its discretion when it denied his motion for continuance or abatement of this lawsuit pending resolution of the *Marhaba* appeal in the Fourteenth Court of Appeals.

## I. Summary judgment on Kindron's breach-of-contract claim

Summary judgment is proper if the movant establishes that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). We employ the established standard and review the trial

5

court's summary judgment de novo. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

Lucyk contends that the trial court erred when it awarded Kindron summary judgment on its breach-of-contract claim because, he argues, no deficiency existed after the Bank's sale of the real property. To this end, he asserts that the trial court in the *Marhaba* suit erred when it granted a declaratory judgment stating that Kindron properly foreclosed on the MUD 402 Receivables, thereby becoming the owner of the Receivables. Lucyk argues that, if the Fourteenth Court of Appeals were to reverse the trial court in the *Marhaba* appeal, then Marhaba's evidence of the fair market value of the collateral would demonstrate that the debt was satisfied and no deficiency exists. Thus, Lucyk contends that the trial court in this case erred by granting Kindron summary judgment because no remaining debt exists for which Lucyk is personally liable under the Guaranties.

In this respect, Lucyk's entire argument on appeal is premised on the Fourteenth Court of Appeals reversing the trial court in the *Marhaba* appeal, allowing Marhaba to offer evidence of the fair market value of the collateral and potentially demonstrate that no remaining indebtedness exists. Since the time Lucyk filed his brief, however, the Fourteenth Court of Appeals has issued its opinion in the *Marhaba* appeal.

6

### A. The *Marhaba* appeal

At issue in the Fourteenth Court of Appeals was a declaratory judgment stating that Kindron was entitled to foreclose on the MUD 402 Receivables. *See Marhaba*, 457 S.W.3d at 212.

Marhaba argued that the trial court erred when it awarded the declaratory judgment because a fact issue existed regarding the fair market value of the real property sold by the Bank. Marhaba asserted that Kindron's declaratory-judgment action was an "action brought to recover the deficiency" as a result of the Bank's sale of the real property. Thus, the argument continued, Texas Property Code section 51.003 applied to the action[2] and allowed Marhaba to obtain an offset

---

[2]  Section 51.003 states, in relevant part:

> (a) If the price at which real property is sold at a foreclosure sale under Section 51.002 is less than the unpaid balance of the indebtedness secured by the real property, resulting in a deficiency, any action brought to recover the deficiency must be brought within two years of the foreclosure sale and is governed by this section.

> (b) Any person against whom such a recovery is sought by motion may request that the court in which the action is pending determine the fair market value of the real property as of the date of the foreclosure sale. . . .

> (c) If the court determines that the fair market value is greater than the sale price of the real property at the foreclosure sale, the persons against whom recovery of the deficiency is sought are entitled to an offset against the deficiency in the amount by which the fair market value, less the amount of any claim, indebtedness, or obligation of any

against the alleged deficiency by presenting evidence of the fair market value of the real property collateral. *See id.* at 213–14.

The Fourteenth Court of Appeals held that a "deficiency" under the statute is not calculated until (1) after all the collateral has been sold; or (2) the lender seeks to impose personal liability against the debtor through judicial action. *Id.* at 216. Because Kindron's declaratory-judgment suit against Marhaba did not seek to impose personal liability on the debtor, and the foreclosure at issue was the sale of remaining collateral from a series of non-judicial sales, the court determined that Kindron's action was not an "action brought to recover the deficiency" within the meaning of section 51.003. *Id.* at 216–17.

In sum, the Fourteenth Court of Appeals reached the opposite conclusion as the one Lucyk assumed as central to his argument in this appeal. Because Marhaba was not allowed to present evidence of fair market value under section 51.003, no offset was applied against its debt. Thus, contrary to Lucyk's assertion, at the time the trial court awarded Kindron summary judgment in this case, Marhaba's debt had not been extinguished.

---

kind that is secured by a lien or encumbrance on the real property that was not extinguished by the foreclosure, exceeds the sale price. . . .

TEX. PROP. CODE § 51.003.

## B.    Lucyk's liability under the Guaranties

The Guaranties provided that, as an inducement for the Bank to extend financing, Lucyk would unconditionally guarantee "the prompt and full payment and performance of the Guaranteed Indebtedness when due or declared to be due and at all times thereafter." The term "Guaranteed Indebtedness" was defined in the agreements as "(i) the indebtedness arising under the certain promissory notes from [Marhaba] to [the Bank] in the original principal amount of [$9,353,111]; (ii) all indebtedness, obligations and liabilities of [Marhaba] to Bank of any kind or character, now existing or hereafter arising . . . ."

Additionally, the Guaranties provided that "[t]o the maximum extent permitted by applicable law, [Lucyk] hereby waives all rights, remedies, claims and defenses based on or related to Sections 51.003, 51.004 and 51.005 of the Texas Property Code (as amended from time to time)."

Lucyk does not argue in this appeal that the Guaranties did not make him personally liable for payment of Marhaba's debt. He does not dispute that he can waive his section 51.003 rights. *See Moayedi v. Interstate 35/Chisam Rd., L.P.*, 438 S.W.3d 1, 6 (Tex. 2014) (holding that parties can waive their rights under section 51.003). Nor does he argue that his waiver was ineffective in any way. *See id.* ("To be effective, a waiver must be clear and specific.").

9

In essence, this appeal presents no dispute concerning whether Lucyk is liable for the remaining debt under the Guaranties if Marhaba was not entitled to an offset, or whether he waived his section 51.003 rights to the calculation of an offset. As noted above, his entire appellate argument is premised on his position that no deficiency existed on which he could be liable after the Bank's sale of the real property collateral. The Fourteenth Court of Appeals, however, affirmed the trial court's judgment establishing Marhaba's remaining debt after the sale of the real property. *See Marhaba*, 457 S.W.3d at 217. Although Lucyk makes arguments in his brief about Kindron's inability to recover from him if Marhaba establishes an offset under 51.003, the Fourteenth Court's decision renders those arguments moot.

Accordingly, we overrule Lucyk's first issue.

## II. Motion to stay

In his second issue, Lucyk argues that the trial court abused its discretion when it denied his motion for a continuance and a plea of abatement pending resolution of the *Marhaba* appeal in the Fourteenth Court of Appeals.

Lucyk argued that the *Marhaba* appeal and this lawsuit involved the same causes of action, concerned the same subject matter, involved the same issues, and sought the same relief. It further argued that any resolution of the *Marhaba* appeal would moot the issues raised in this case.

We review a trial court's denial of a motion for continuance for an abuse of discretion. *See State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex. 1988). Likewise, we review a court's ruling on a plea of abatement for an abuse of discretion. *See Dolenz v. Cont'l Nat'l Bank of Ft. Worth*, 620 S.W.2d 572, 575 (Tex. 1981).

Lucyk does not present distinct arguments regarding the motion for continuance and the plea in abatement. He argues that the issue is whether the trial court should have "stayed" the proceedings. To this end, he argues that a stay was appropriate because harm to him was likely in the event of Kindron attempting to recover the debt immediately, because conservation of judicial resources favored a stay, and because the Fourteenth Court's decision would likely moot the resolution of this case.

Given the Fourteenth Court's decision in the *Marhaba* appeal, which compels us to overrule Lucyk's first issue, the denial of a continuance has proved harmless. Even if the trial court erred by failing to stay the case until resolution of the *Marhaba* appeal, such an error did not cause the rendition of an improper judgment or prevent Lucyk from properly presenting his case in this court. *See* TEX. R. APP. P. 44.1.

11

## Conclusion

We affirm the trial court's judgment.

Michael Massengale
Justice

Panel consists of Chief Justice Radack and Justices Higley and Massengale.